[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15657
Non-Argument Calendar

_____

D. C. Docket No. 06-00024-CR-4-SPM-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARY JOSUE GONZALEZ QUEZADA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 9, 2007)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Hary Josue Gonzalez Quezada appeals his 108-month sentence for (1) conspiracy to distribute and possess with the intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), and 846; and (2) possession with the intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii). On appeal, Quezada argues that the district court clearly erred in denying his request for a minor-role adjustment to his base offense level, pursuant to U.S.S.G. § 3B1.2.[1] For the reasons discussed more fully below, we conclude that Quezada did not establish his eligibility for a minor-role reduction and, thus, affirm Quezada's sentence.

The undisputed facts regarding Quezada's offense conduct are as follows. On March 4, 2006, an agricultural officer at an interdiction station in Suwannee County, Florida located 1,603 pounds, or 727 kilograms, of marijuana in a tractor-trailer, which Quezada's codefendant, Jose Luis Ledesma, had driven to the station and in which Quezada was the passenger. The trailer was owned by a California company and was rented to Ledesma, in an empty condition, on March 2, 2006, for $500. The truck was owned by a private company and leased to Quezada's uncle and aunt.

---

[1] All citations refer to the November 1, 2005, edition of the Guidelines Manual.

Upon first arriving at the station, Ledesma gave the agricultural officer a handwritten shipping order, which indicated that the pay load in the trailer was 10 pallets of Brawny paper towels. However, a search of the trailer revealed that the marijuana was stored underneath and between the boxes of paper towels. A subsequent search of the truck found $4000 in Quezada's luggage. After arresting Quezada and Ledesma, officers placed them in the same patrol car and recorded their conversation, in which they discussed having told "Cesar" that "they got us." Federal investigators determined that Ledesma and Quezada had traveled over a span of two days in the tractor-trailer from California to the interdiction station in Florida.

At sentencing, Quezada requested a two-level reduction to his base offense level predicated on his minor role in the offense.[2] The district court denied the request and sentenced Quezada to a low-end sentence of 108 months' imprisonment.

Quezada argues on appeal that he was entitled to a minor-role adjustment because he was merely a "relief" driver and there were other individuals involved

---

[2]The district court found that Quezada's base offense level was 30, pursuant to U.S.S.G. § 2D1.1(c)(5) (assigning a base offense level of 30 for offenses involving at least 700 kilograms but less than 1,000 kilograms of marijuana). Given that offense level, and a criminal history category of II, the court found that Quezada's guideline range was 108 to 135 months' imprisonment.

in the offense that were senior members in the overall drug smuggling scheme, namely the individuals who brought the marijuana to the truck and those to whom the drugs were being delivered. He also asserts that he had no ownership interest in the marijuana and that the $4000 he had in his luggage was clearly less than the total value of the marijuana. He contends that his only role in the offense was to assist the main driver in moving the load of marijuana for a set fee and that such a role was minor in light of the entire scheme.

We review a district court's determination of a defendant's role in the offense for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." Id. at 939. According to U.S.S.G. § 3B1.2, a district court may decrease a defendant's offense level by two levels if it finds the defendant was a "minor participant" in the criminal activity. A "minor participant" is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5).

In determining whether a minor-role adjustment applies, the district court should consider the following two principles: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and,

4

second, [his] role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940. "When the relevant conduct attributed to a defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable." United States v. Alvarez-Coria, 447 F.3d 1340, 1343 (11th Cir. 2006). Further, "in the drug courier context, . . . the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct . . . [and] may be dispositive - in and of itself - in the extreme case." Id. at 943. Additionally, a district court should look to other participants only to the extent that they (1) "are identifiable or discernable from the evidence," and (2) "were involved in the relevant conduct attributed to the defendant." De Varon, 175 F.3d at 944.

Here, Quezada's relevant and actual conduct are the same. Specifically, Quezada rode in a tractor-trailer from California to Florida, in which agricultural officers located 1,603 pounds, or 727 kilograms, of marijuana. The truck was leased to Quezada's uncle and aunt. Based upon that relevant and actual conduct, Quezada pled nolo contendere to conspiracy to possess with the intent to distribute, and possession with the intent to distribute, more than 100 kilograms of marijuana. Thus, Quezada's argument, that he was entitled to a minor-role adjustment simply

5

because he was not involved in the broader drug smuggling scheme, is without merit because he was not held accountable for conduct involving the broader scheme. See Alvarez-Coria, 447 F.3d at 1343. Moreover, as the district court found, there is no evidence in the record demonstrating that there was any significant difference between Quezada's role and that of his codefendant Ledesma. Furthermore, the large amount of marijuana for which Quezada was held accountable is a material consideration in assessing his role in the offense and cuts against his assertion that he played a minor-role in the offense. See De Varon, 175 F.3d at 943. Lastly, to the extent that Quezada argues on appeal that there were other individuals involved in the offense that were more culpable than he, the district court properly declined to consider such individuals because they were not identifiable from the evidence in the record. See id. at 944.[3]

Accordingly, Quezada did not meet his burden of proving his minor role in the offense by a preponderance of the evidence and, thus, the district court did not clearly err in denying Quezada's request for a minor-role adjustment. Consequently, we affirm Quezada's 108-month sentence.

**AFFIRMED.**

---

[3]Additionally, Quezada's argument that he was eligible to be considered for a minor-role adjustment, pursuant to § 3B1.2, application note 3A, is of no consequence because, as the government correctly asserts, the district court did not question its authority to consider, or Quezada's eligibility to be considered for, a minor-role adjustment.